IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUAN MANUEL GONZALEZ MARTINEZ, | ) ) ) | |
| Petitioner, | ) ) | 8:19CV268 |
| v. | ) ) | |
| LANCASTER DEPARTMENT OF CORRECTIONS, | ) ) ) ) | MEMORANDUM AND ORDER |
| Respondent. | ) ) | |

Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 claiming that he was a pretrial detainee and that he was being illegally detained by the Lancaster County Department of Corrections. Rule 1 of the *Rules Governing Section 2254 Cases in the United States District Courts* provides that I may apply those rules to a habeas petition not otherwise governed by 28 U.S.C. § 2254. Thus, I now apply Rule 4 of those rules to the pending petition and conduct an initial review.

Having done so, it plainly appears that Petitioner is no longer a pretrial detainee but rather a convicted offender. Taking judicial notice of the state court records[1], Petitioner was sentenced to prison on July 23, 2019, and is now in the custody of the Nebraska Department of Corrections. These events took place after he filed this § 2241 petition. Section 2241 is not the proper vehicle for attacking Petitioner's state court conviction, sentence or custody. *See*, *e.g.*, *Crouch v. Norris*, 251 F.3d 720, 723

---

[1] *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). The Lancaster County district court case number is CR 18-511. Nebraska's judicial records may be retrieved on-line through the *Justice* site. It is available at https://www.nebraska.gov/justicecc/ccname.cgi.

(8th Cir. 2001) (Section 2254, rather than § 2241, was the appropriate vehicle for proposed habeas claims of "person in custody pursuant to the judgment of a State court," no matter how his pleadings were styled.) Therefore, I will dismiss the pending § 2241 petition without prejudice to the filing of a petition for writ of habeas corpus at the proper time under the provisions § 2254.[2]

Although Petitioner sought relief under 28 U.S.C. § 2241, he must obtain a certificate of appealability if he wishes to appeal. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); Rule 1(b) and Rule 11(a) of the *Rules Governing Section 2254 Cases in the United States District Courts*. *See also Hoffler v. Bezi*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that:

1. The petition for writ of habeas corpus and all supplements filed under 28 U.S.C. § 2241 is dismissed without prejudice.

2. The Clerk of Court shall mail a copy of this Memorandum and Order and the Judgment to Petitioner. His DCS ID is 89937. As of the time of the Memorandum

---

[2] The Petitioner is advised that as a general matter (1) before filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 he must exhaust his state court remedies; and (2) there is a time limit for filing a § 2254 petition and that time limit may be found at 28 U.S.C. § 2244(d). Additionally, Petitioner may obtain a copy of the proper form for filing a § 2254 petition at the prison law library or by writing our Clerk of Court.

and Order, it appears that the Petitioner is lodged at the Diagnostic and Evaluation Center, and the address for that facility is: Diagnostic and Evaluation Center, Nebraska Department of Correctional Services, 3220 West Van Dorn Street, P.O. Box 22800, Lincoln, NE 68542-2800.

3. A separate judgment will be entered.

4. No certificate of appealability has been or will be issued.

DATED this 1st day of August, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge